UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR ADOLFO LOPEZ MACIAS,<br>Petitioner,<br>v.<br>FERETI SEMAIA, et al.,<br>Respondents. | Case No. 5:26-cv-06533-SSC<br><br>MEMORANDUM AND ORDER GRANTING UNOPPOSED HABEAS PETITION |

Before the Court is a counseled petition for habeas corpus brought by Oscar Adolfo Lopez Macias. (ECF 1.) Petitioner brings procedural due process claims challenging his re-detention without notice or a pre-deprivation hearing, and challenging his detention pending his U-Visa application. (*Id.* at 13–15, 22–23.) Petitioner also brings claims alleging statutory and regulatory violations, challenging his detention without a bond hearing in violation of 8 U.S.C. § 1226(a), and his detention pending a U-Visa application in violation of the Administrative Procedure Act and the certified class in *Immigr. Ctr. For Women & Children v. Noem*, 351 F.R.D. 324 (C.D. Cal. 2026). (*Id.*

at 16–21.) The petition alleges the following relevant facts.[1] On or about January 5, 2001, Petitioner was admitted to the United States on a B-1 nonimmigrant visa. (*Id.* at 5.) On February 23, 2016, Petitioner was ordered removed and was removed to Mexico. (*Id.* at 6.) Petitioner returned to the United States in or about 2018. (*Id.*) On April 10, 2019, Immigration and Customs Enforcement (ICE) arrested Petitioner and charged him with illegal re-entry in violation of 8 U.S.C. § 1326. (*Id.*) In 2020, Petitioner's motion to dismiss the illegal re-entry charge was granted, and Petitioner was released from custody. (*Id.*) From June 2020 until September 2026, Petitioner lived openly in the United States. (*Id.*) Petitioner alleges that he has no criminal convictions, that the only criminal charge against him was dismissed, and that he has not been arrested for or charged with any offense enumerated in 8 U.S.C. § 1226(c)(1)(E). (*Id.* at 16.) On March 2025, Petitioner filed a U-Visa petition, which remains pending. (*Id.* at 6.)

On September 9, 2026, ICE arrested Petitioner at his biometrics appointment pursuant to a warrant. (*Id.* at 7.) Petitioner was not served with a Notice to Appear, a Form I-871 Notice of Intent/Decision to Reinstate Prior Order, or a Form I-205 Warrant of Removal/Deportation. (*Id.*) Since the arrest, no officer or immigration judge has made a custody determination. (*Id.*) Petitioner is being held in Adelanto, California. (*Id.* at 2, 4–5.) He seeks release. (*Id.* at 25.)

Respondents have failed to oppose the petition or to appear in this matter at all despite notice and a briefing deadline that passed on

[1] Because Respondents have not provided information about Petitioner, all facts contained herein are taken directly from the petition unless otherwise noted.

November 10, 2026.[2] (ECF 5.) Accordingly, the Court grants the petition.

## ORDER

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered (1) granting the unopposed petition; and (2) ordering Respondents to release Petitioner **Oscar Adolfo Lopez Macias (A# 205-010-476)** from immigration custody immediately under conditions of supervision found to be appropriate by the decisionmaker.[3]

DATED: November 16, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

---

[2] Respondents' counsel recently informed the Chief Judge of this district that due to the volume of immigration habeas petitions, if no Notice of Appearance is filed by counsel within four days, the Court can assume that counsel will not oppose and may proceed to rule on a petitioner's filings as if counsel had affirmatively stated that it will not file an opposition.

[3] Petitioner requests an award of attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA). (ECF 1 at 25.) To recover prevailing-party fees under the EAJA, counsel must file a separate motion for such fees within thirty days of final judgment in the action. *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The Supreme Court recently granted certiorari to decide if the EAJA applies to an action seeking a writ of habeas corpus to challenge civil immigration detention. *See Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026).